IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MARCO RAMIREZ-BARAJAS, ALAN TORRES-GUERRERO and JOSE D. CERNA,<br><br>　　　　　Defendants. | **8:25CR202**<br><br>**PRELIMINARY ORDER OF FORFEITURE** |

This matter is before the Court upon the government's Motion for Preliminary Order of Forfeiture (Filing No. 111).   The Court has carefully reviewed the record in this case and finds as follows:

1.　　On May 14, 2026, defendant Marco Ramirez-Barajas ("Ramirez-Barajas") pleaded guilty to Counts I and VII of the Indictment (Filing No. 1) and admitted the Forfeiture Allegation.　Count I of the Indictment charged Ramirez-Barajas with conspiracy to distribute and possess with the intent to distribute 100 grams or more of fentanyl analogue, a Schedule II controlled substance, in violation of 21 U.S.C. § 846. Count VII of the Indictment charged Ramirez-Barajas with knowingly possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. §§ 924(c)(1)(A) and (c)(1)(B).

2.　　On May 19, 2026, defendant Alan Torres-Guerrero ("Torres-Guerrero") pleaded guilty to Counts I and VII of the Indictment (Filing No. 1) and admitted the Forfeiture Allegation. Count I of the Indictment charged Guerrero with conspiracy to distribute and possess with the intent to distribute 100 grams or more of fentanyl analogue, a Schedule II controlled substance, in violation of 21 U.S.C. § 846. Count VII of the Indictment charged Torres-Guerrero with knowingly possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. §§ 924(c)(1)(A) and (c )(1)(B).

3.      On June 11, 2026, defendant Jose D. Cerna ("Cerna") pleaded guilty to Count I of the Indictment (Filing No. I) and admitted the Forfeiture Allegation.   Count I of the Indictment charged Cerna with conspiracy to distribute and possess with the intent to distribute 100 grams or more of fentanyl analogue, a Schedule II controlled substance, in violation of 21 U.S.C. § 846.

4.      The Forfeiture Allegation sought forfeiture, pursuant to 21 U.S.C. § 853, 18 U.S.C. § 924(d), and 28 U.S.C. § 2461(c), of $29,775 in United States currency seized on July 9, 2025 from 4817 I St.; 2019 Subaru Crosstrek; 2019 Polaris RZR XP; 2014 Mercedes-Benz ML63AMG; and 1986 Chevrolet Monte Carlo LS, as "any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offense and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offense.

5.      The Forfeiture Allegation also sought forfeiture, pursuant to 18 U.S.C. § 924(d), and 28 U.S.C. § 2461(c), of "any firearms and ammunition involved in the commission of the offenses," which includes, but is not limited to: a Ruger 57, 5.7x28mm handgun; a Glock 20 10mm handgun equipped with a "Glock switch" machine gun conversion device; a semi-automatic .223 caliber rifle; a semi-automatic .223 caliber rifle; a Palmetto State Armory 5.7 Rock 5.7x28 mm handgun; an FN Five-seveN, 5.7x28mm handgun; and an Anderson AM-15, multi-caliber rifle.

6.      Based on Ramirez-Barajas's, Torres-Guerrero's, and Cerna's guilty pleas and admissions, Ramirez-Barajas, Torres-Guerrero, and Cerna forfeit their interests in the aforementioned property pursuant to 21 U.S.C. § 853.

7.      The government's Motion for Preliminary Order of Forfeiture is granted.

IT IS ORDERED:

1. The government's Motion for Preliminary Order of Forfeiture (Filing No. 111) is granted.

2. Based upon the Forfeiture Allegation of the Indictment and Ramirez-Barajas's, Torres-Guerrero's, and Cerna's guilty pleas and admissions, the government is hereby authorized to seize the aforementioned property.

3. Ramirez-Barajas's, Torres-Guerrero's, and Cerna's interests in the property are hereby forfeited to the government for disposition in accordance with the law, subject to the provisions of 21 U.S.C. § 853(n)(1).

4. The property is to be held by the government in its secure custody and control.

5. Pursuant to 21 U.S.C. § 853(n)(1), the government shall publish for at least thirty consecutive days on an official internet government forfeiture site, www.forfeiture.gov, notice of this Preliminary Order of Forfeiture, notice of publication evidencing the government's intent to dispose of the property, in such manner as the Attorney General may direct, and notice that any person, other than Ramirez-Barajas, Torres-Guerrero, and Cerna, having or claiming a legal interest in the property, must file a Petition with the Court within thirty days of the final publication of notice or of receipt of actual notice, whichever is earlier.

6. The published notice shall state the Petition referred to in Paragraph 5, above, shall be for a hearing to adjudicate the validity of the Petitioner's interest in the property, shall be signed by the Petitioner under penalty of perjury, and shall set forth the nature and extent of the Petitioner's right, title, or interest in the property, and any additional facts supporting the Petitioner's claim and the relief sought.

7. The government may also, to the extent practicable, provide direct written notice to any person known to have an interest in the property, as a substitute for published notice as to those persons so notified.

8. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture pursuant to 21 U.S.C. § 853(n), in which all interests will be addressed.

Dated this 25th day of June 2026.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge